**Order Filed on June 11, 2024
by Clerk,
U.S. Bankruptcy Court
District of New Jersey**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In Re:<br><br>   Ayyaz Ahmed and Aysha Khan<br><br>                              Debtors. | Case No.:   23-21777<br><br>Chapter:   7<br><br>Hearing Date:   June 11, 2024<br><br>Judge:   Stacey L. Meisel |

# ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through two (2) is **ORDERED**.

**DATED: June 11, 2024**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

| | |
|---|---|
| Debtors: | Ayyaz Ahmed and Aysha Khan |
| Case No.: | 23-21777 |
| Caption of Order: | ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Page: | 2 of 2 |

**THIS MATTER** having been brought before the Court on a *Motion for Relief from Automatic Stay* by JPMorgan Chase Bank, N.A. (the "**Creditor**"); this Court finds:

**WHEREAS** the *Motion for Relief from Automatic Stay* is deficient for the following reason(s):

☐ **Failure to use required Local Forms.** *See* D.N.J. LBR 9009-1.

☐ **Failure to follow the requirements of Local Rule 9013-1, specifically:**

  ☐ **Failure to submit a notice of motion stating the date, time, and place of the hearing.** *See* D.N.J. LBR 9013-1(a)(1).

  ☐ **Failure to submit a certification containing the facts supporting the relief requested in compliance with D.N.J. LBR 7007-1.** *See* D.N.J. LBR 9013-1(a)(2).

  ☐ **Failure to submit a memorandum of law stating the legal basis for the relief requested, or a statement why a memorandum of law is unnecessary.** *See* D.N.J. LBR 9013-1(a)(3).

  ☐ **Failure to submit a proposed form of order.** *See* D.N.J. LBR 9013-4.

  ☐ **Failure to file a certification of service.** *See* D.N.J. LBR 9013-1(a)(5) and Local Form.

☐ **Failure to effectuate proper service.** *See* D.N.J. LBR 5005-1, Fed. R. Bankr. P. 2002, 9014, Fed. R. Bankr. P. 7004, and Fed. R. Bankr. P. 9010 as well as the Register of Governmental Units available on the Court's website.

☒ **Other:** Failure to timely file an amended certification of service that would allow parties an opportunity to timely object prior to the scheduled hearing date. Since 11 U.S.C. § 362(e)(2) only permits the Court a certain period of time to decide this motion without a consensual adjournment from the movant, the Court must deny the motion. Creditor delayed in serving the motion for a week after being notified by the Court that service was deficient.

It is hereby

**ORDERED** that the *Motion for Relief from Automatic Stay* is denied, without prejudice.

2