| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman<br>Chapter 7 Trustee<br>Kimberly J. Salomon. Esq.<br>ksalomon@formanlaw.com | |
| In Re:<br><br>AYYAZ AHMED and AYSHA KHAN,<br><br>                                   Debtors. | Chapter 7<br><br>Case No. 23-21777 (SLM)<br><br>Judge: Hon. Stacey L. Meisel<br><br>Hearing Date: July 16, 2024<br>Hearing Time: 10:00 a.m. |

**TRUSTEE'S LIMITED RESPONSE TO DEBTOR'S MOTION TO
REINSTATE AUTOMATIC STAY AND TO RELATED
OPPOSITION FILED BY VALUE DRUG COMPANY**

Charles M. Forman, the chapter 7 trustee (the "Trustee") for Ayyaz Ahmed and Aysha Khan (the "Debtors") in the above-captioned case, by and through his attorneys, Forman Holt, submits this limited response to the Debtor's Motion to Reinstate the Automatic Stay as to Ayaaz Ahmed (the "Motion") [Doc. No. 78] and to the Opposition to the Motion to Reinstate the Automatic Stay filed by Value Drug Company (the "Opposition") [Doc. No. 86], and respectfully represents that:

**FACTUAL BACKGROUND**

1. On December 21, 2023 (the "Petition Date"), the Debtors commenced the above-captioned case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

{F0222672 - 1}

The present case is Ayaaz Ahmed's third bankruptcy filing within one year, and Aysha Khan's second filing within one year.[1]

2. On January 12, 2024, Deluxe Services Group, LLC filed a motion to vacate the automatic stay and for a referral to the U.S. Attorney. [Doc. No. 14]. The Debtors filed opposition to the stay relief motion and sought to convert their case to chapter 11. [Doc. No. 19].

3. On January 24, 2024, this Court entered an order (i) extending the automatic stay as to Aysha Khan for all creditors except Deluxe Services Group, LLC, and (ii) confirming that the automatic stay is not in effect as to Ayyaz Ahmed. [Doc. Nos. 22 and 23].

4. On January 25, 2024, the Debtors' case was converted to a chapter 11 case. [Doc. Nos. 24, 37 and 38].

5. On March 28, 2024, the Debtors' case was then converted to a chapter 7 case. [Doc. No. 56].

6. On March 28, 2024, the Trustee was appointed to serve as the chapter 7 trustee in the Debtors' case and he continues to serve in that capacity. [Doc. No. 57].

7. The Debtors own real property in Kinnelon, New Jersey and in San Antonio, Texas which appear to have equity available for the estate and creditors.

8. The Debtors owned and operated numerous pharmaceutical businesses prior to their bankruptcy filing, which may be a source of potential assets for the estate. The estate may have claims against certain individuals in connection with the pharmaceutical businesses. Aysha Khan has been criminally indicted for certain actions in connection with the pharmaceutical businesses, which adds an additional layer of complexity to this case. It is the Trustee's intention to move

---

[1] Prior cases filed by the Debtors were Case No. 23-11779 (SLM) (filed by Ayaaz Ahmed on March 6, 2023) and Case No. 23-13799 (SLM) (filed by Ayaaz Ahmed and Aysha Khan on May 3, 2023).

{F0222672 - 1}

before this court to extend this proceeding over the numerous business entities so that the tens of millions of transactions by the Debtors and their businesses can be examined in one forum.

9. The Debtors have numerous secured creditors who have asserted millions of dollars in secured claims against their real and personal property.

10. At the Debtor's §341(a) meeting, more than a dozen creditors and parties in interest appeared and asserted all manner of claims and allegations against the Debtors. The §341(a) meeting of creditors went on for roughly two hours to afford all interested parties an opportunity to assert their claims. At the meeting the parties agreed to work together to investigate the Debtors' assets and financial affairs including the conduct of a joint Rule 2004 examination.

11. The Office of the United States Trustee also is investigating the Debtors in connection with certain financial transactions. That office has agreed to work in concert with the Trustee in connection with their respective discovery efforts.

12. On June 11, 2024, the Debtors filed the Motion to reinstate the automatic stay as to Ayaaz Ahmed. [Doc. No. 78].

13. On July 9, 2024, Value Drug Company ("Value Drug") filed Opposition to the Motion. [Doc. No. 86]. As explained in paragraphs 19 and 21 of the Opposition, Value Drug seeks to deny the reinstatement of the automatic stay so it can obtain a default judgment in the state court in excess of $5.1 million against Ayaaz Ahmed. The Opposition filed by Value Drug does not state that Value Drug seeks to enforce the judgment against Ayyaz Ahmed's property or property of the estate.

14. The Trustee does not oppose Value Drug's pursuit of the entry of a default judgment against Ayyaz Ahmed. However, the Trustee does oppose any effort by Value Drug to enforce or execute the default judgment against property of the estate, or property of Aysha Khan.

{F0222672 - 1}

15. Pursuant to this Court's order of January 24, 2024 [Doc. Nos. 22 and 23], the automatic stay remains in effect as to Aysha Khan and all of her property including property that she jointly owns with Ayyaz Ahmed. The Debtors' property continues to be property of the estate under 11 U.S.C. §541, which the Trustee intends to liquidate for the benefit of *all* creditors.

16. Pursuant to 11 U.S.C. §105(a), this Court may issue any order that is necessary or appropriate to carry out the provisions of this title. Given the myriad competing creditors that assert claims and interests against the Debtors and their property, and as a matter of equity, the Trustee respectfully submits that the automatic stay should be reinstated in a limited manner solely to prevent creditors from levying, executing, or enforcing their judgments against property of the estate that is intended to be liquidated for the benefit of all creditors. This will provide for the orderly liquidation of estate assets and an equal distribution to creditors as the Bankruptcy Code intends, rather than piecemeal and haphazard efforts by creditors to grab the Debtors' property outside of the bankruptcy case.

WHEREFORE, the Trustee does not object to the relief sought by Value Drug to obtain its default judgment against Ayyaz Ahmed, but seeks the limited reinstatement of the automatic stay solely to prevent judgment enforcement against the Debtors' property and property of the estate.

FORMAN HOLT  
Attorneys for Charles M. Forman, Trustee

Dated: July 15, 2024        By:    */s/ Kimberly J. Salomon*  
                                    Kimberly J. Salomon

{F0222672 - 1}