| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone:  (201) 845-1000<br>Facsimile:  (201) 655-6650<br>Attorneys for Charles M. Forman, Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com | |
| In Re:<br><br>AYYAZ AHMED and AYSHA KHAN,<br><br>                                   Debtors. | Chapter 7<br><br>Case No. 23-21777 (SLM) |
| CHARLES M. FORMAN, Chapter 7 Trustee for Ayyaz Ahmed and Aysha Khan,<br><br>                                   Plaintiff,<br>v.<br><br>AYYAZ AHMED, AYSHA KHAN, PRESTIGE INFUSIONS, LLC, LUSH FLORAL AND EVENTS, LLC, GOLDEN HEALTHCARE LLC d/b/a GOLDEN HEALTHCARE PHARMACY, OAK HILLS MEDICAL BUILDING PHARMACY, INC. a/k/a OAK HILLS PHARMACY, INC., and DELTONA MEDICAL ARTS PHARMACY, INC. d/b/a APEX HEALTH RX,<br><br>                                   Defendants. | Adv. Pro. No. 24- |

**VERIFIED COMPLAINT TO EXTEND CHAPTER 7 PROCEEDINGS TO PRESTIGE INFUSIONS, LLC, LUSH FLORAL AND EVENTS, LLC, GOLDEN HEALTHCARE LLC d/b/a GOLDEN HEALTHCARE PHARMACY, OAK HILLS MEDICAL BUILDING PHARMACY, INC. a/k/a OAK HILLS PHARMACY, INC., AND <u>DELTONA MEDICAL ARTS PHARMACY, INC. d/b/a APEX HEALTH RX</u>**

Charles M. Forman, chapter 7 trustee (the "Trustee" or "Plaintiff") for Ayyaz Ahmed and Aysha Khan (the "Debtors"), through his attorneys, Forman Holt, by way of complaint against the Ayyaz Ahmed, Aysha Khan, Prestige Infusions, LLC, Lush Floral and Events, LLC, Golden

{F0218140 - 1}

Healthcare LLC d/b/a Golden Healthcare Pharmacy, Oak Hills Medical Building Pharmacy, Inc. a/k/a Oak Hills Pharmacy, Inc., and Deltona Medical Arts Pharmacy, Inc. d/b/a Apex Health Rx (the "Defendants") alleges the following:

## JURISDICTION AND VENUE

1. This adversary proceeding arises under 11 U.S.C. §§ 105, 541 and 542 and Fed. R. Bankr. P. 7001.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(b).

3. This adversary proceeding is a core proceeding as that term is defined under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## BACKGROUND AND PARTIES

5. On December 21, 2023 (the "Petition Date"), the Debtors filed a joint voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code").

6. On January 25, 2024, the Debtors' case was converted to a chapter 11 case. [Doc. No. 24, 38].

7. On March 28, 2024 (the "Conversion Date"), the Debtors' case was converted to a chapter 7 case. [Doc. No. 56].

8. On March 28, 2024, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee for the Debtor's estate and he continues to serve in that capacity.

{F0218140 - 1}

9. Prestige Infusion, LLC ("Prestige") is a New Jersey limited liability company whose principal address is the Debtors' primary residence, 116 Boonton Avenue, Kinnelon, New Jersey 07405. Upon information and belief, Aysha Khan is the sole member of Prestige.

10. Lush Floral and Events, LLC ("Lush") is a New Jersey limited liability company whose principal address is the Debtors' primary residence, 116 Boonton Avenue, Kinnelon, New Jersey 07405. Upon information and belief, Aysha Khan and Iqra Khan are the members of Lush.

11. Golden Healthcare LLC d/b/a Golden Healthcare Pharmacy ("Golden") is a New Jersey limited liability company whose principal address is 242 Palisades Avenue, Suite A, Garfield, New Jersey 07026. Upon information and belief, Aysha Khan is a 90% member of Golden and Abduallah Alaqrabawi is a 10% member of Golden.

12. Oak Hills Medical Building Pharmacy, Inc. a/k/a Oak Hills Pharmacy, Inc. ("Oak Hills") is a Texas corporation whose principal address is 7711 Louis Pasteur Drive, San Antonio, TX 78229. Upon information and belief, Oak Hills' shareholders, officers and directors are Aysha Khan, Ayyaz Ahmed and Rukhsana Zaheen.

13. Deltona Medical Arts Pharmacy, Inc. d/b/a Apex Health Rx ("Deltona") is Florida a corporation whose principal address is 1200 Deltona Blvd, Suite 50, Deltona, Florida 32725. Upon information and belief, Deltona's shareholders are Ayyaz Ahmed, Areeba Khan, and Rukhsana Zaheen. Aysha Khan is a director of the corporation.

14. Lush is described as a floral décor and events business that purportedly provides floral arrangements and decorations for weddings and other special events.

15. Prestige is a wellness clinic that, among other things, provides medical infusion treatments such as intravenous and intramuscular injection therapies as well as COVID-19 testing services.

{F0218140 - 1}

16. Golden, Oak Hills, and Deltona (the "Khan Pharmacies") are specialty pharmacies that, among other things, prepare and supply expensive specialty medications prescribed to treat a variety of conditions such as Hepatitis C, Crohn's disease, gout and rheumatoid arthritis.

17. Lush, Prestige, and the Khan Pharmacies collectively shall be referred to as the "Business Entities".

## GENERAL ALLEGATIONS

18. At all relevant times, the Debtors operated and controlled the Business Entities.

19. At all relevant times, the Debtors had custody and control of the Business Entities' books and records, had signatory authority over all the Business Entities' bank accounts, and managed all of the Business Entities' business activities and financial affairs.

20. The Debtors operated and managed the Business Entities as a single economic enterprise by (i) routinely depositing income and receivables of some of the Business Entities into the bank accounts of the others as cash flow needs warranted, (ii) causing the Business Entities to transfer funds between themselves to meet debt, payroll and other obligations as necessary, (iii) causing some of the Business Entities to pay the debts of the others regardless of their liability for same, and (iv) disregarding all corporate formalities among the Business Entities.

21. In addition, the Debtors used the bank accounts of the Business Entities as their personal piggy banks to pay their personal and household expenses on an as needed basis, without regard to formal income or salary draws.

22. The majority of the creditors that have filed proofs of claim in the Debtors' case are also creditors of the Business Entities.

{F0218140 - 1}

      **a.**      **Lush is a Shell Company**

23.     Lush is a shell company that has never earned any legitimate income from business operations.

24.     Lush was formed as a New Jersey limited liability company on December 8, 2021. According to its Certificate of Formation, its members are Iqra Khan and Aysha Khan.

25.     Upon information and belief, at all relevant times, Aysha Khan and/or the Debtors exercised complete control over Lush and its financial affairs.

26.     Between December 2021 and January 2024, Lush never earned any legitimate business income. During this period, the balance in Lush's business checking account at Bank of America (Account-5725) (the "Lush Account") was never greater than $1,000.

27.     From time to time, Aysha Khan and/or the Debtors would issue checks or initiate PayPal transfers from the Lush Account when there clearly were insufficient funds in the Lush Account to support those transfers. Those checks or transfers would be returned or reversed the following business day due to insufficient funds.

28.     For example, in October of 2022, sixteen checks or debits totaling about $31,000 were issued from the Lush Account with the reference "Payroll", when there was only $225 on deposit in the Lush Account at the time. The next business day, every one of those checks or debits were reversed due to insufficient funds.

29.     In February 2024, the Debtors began using the Lush Account as their personal bank account.

30.     On the Conversion Date, one of Prestige's business checking accounts at Bank of America (Account -2906), which had $110,689.82 on deposit at the time, was garnished.

31. Immediately thereafter, the Debtors began depositing Prestige's accounts receivable into the Lush Account.

32. In April of 2024, the Debtors deposited $57,200 in receivables due to Prestige into the Lush Account. In May 2024, an additional $110,500 in receivables due to Prestige was deposited into the Lush Account.

33. Before and since the Petition Date, the Debtors have used, and continue to use, the Lush Account as their personal bank account, drawing on it for personal food, transportation, retail, and other charges. In May of 2024, after depositing substantial Prestige receivables, the Debtors issued a check from the Lush Account to Midland Mortgage in the amount of $24,341.95 to pay their personal mortgage arrears.

34. Upon information and belief, the Debtors are also using the Lush Account to deposit pre-petition receipts due to Deltona.

    b. **Concealment of Assets from Creditors and the Estate**

35. The Debtors have manifested an intent to conceal the receivables of Prestige and Deltona from the Trustee and their creditors.

36. At the §341 Meeting of Creditors that took place on May 20, 2024, Aysha Khan testified that Prestige is no longer operating.

37. Upon information and belief, and based upon documents provided to the Trustee by the Debtors, Prestige had outstanding, unpaid accounts receivable of $1.9 million as of February 2023.

38. In connection with the administration of this case, the Debtors produced to the Trustee falsified bank statements for the Lush Account in which all deposit references to Prestige or Deltona (Apex) were deleted or edited to falsely reflect that those deposits were from "Vital

{F0218140 - 1}

Aesthetics"[1] or "Lush Floral".

39. The production of falsified bank statements to the Trustee is reflective of the Debtors' intent to conceal their continued collection of Prestige's accounts receivable, and potential assets from the Trustee, the estate, and creditors.

40. Aysha Khan also maintains a bank account at Lili, an online financial technology services company that provides banking services through its affiliate, Sunrise Banks, N.A., under the name of "Prestige Infusions LLC" (Account -8064) which is entirely used for personal transactions and was not disclosed in the Debtors' petition and schedules.

### c.     The Commingled Finances of the Khan Pharmacies

41. During the four years prior to the Petition Date, the Debtors treated the Khan Pharmacies as a single business enterprise. The Debtors caused the Khan Pharmacies to routinely transfer money between and among their respective bank accounts on an as needed basis. The Khan Pharmacies regularly paid each other's debts and obligations, regardless of which entity legally owed the obligation.

42. As Aysha Khan testified during the §341 Meeting of Creditors:

> I would move money bank to bank, business to business, if I was short on not being able to order something from another business, so my only relation to the account was if I needed to order medication and I went over my credit limit, just for me to be able to order the medication I would move the money from one account into the other business account. Just so we were able to pay the wholesalers. Sometimes we would transfer the medication from one pharmacy to another and we would be keeping track of the loan amount from one business to another. We did start keeping strict files for that, as of 2021. So, if we ever had to take the money from Metro because Deltona was short on ordering medications, the transfer would only be in relation to the business and ordering of the medications.

---

[1] Aysha Khan has represented to the Trustee that she is currently employed by a company called Vital Aesthetics. However, the existence of Vital Aesthetics is questionable.

{F0218140 - 1}

43. In January 2021, Oak Hills made a $300,000 payment to Value Drug Company ("Value Drug"), which was a creditor of Golden, NZone Pharmacy, LLC d/b/a Elite Pharmacy ("NZone")[2], and the Debtors. Value Drug was never a creditor of Oak Hills.

44. In January of 2020, Golden made a $70,000 payment to Cardinal Health 110, LLC, a creditor of Oak Hills, and issued several hundred thousand dollars of outgoing wire transfers to Oak Hills during February, September and October 2020.

45. In October 2022, Deltona issued a $120,000 outgoing wire payment to Value Drug, a creditor of Golden, NZone and the Debtors, and a $15,000 outgoing wire to Cardinal Health 110 LLC, a creditor of Oak Hills.

46. All of the Khan Pharmacies' bank statements show routine transfers of funds into and out of each of their respective business accounts. Despite formal requests for books and records of the Business Entities, the Debtors have produced selective, piecemeal documents that are insufficient to justify or explain the myriad transfers.

47. In addition, the Khan Pharmacies' bank statements show that the Debtors routinely used those business accounts as their personal piggy bank, debiting charges for food, gas, transportation, swimming pool maintenance, personal credit card payments, online gaming, and other personal expenses, on an as needed basis.

## COUNT ONE
### (To Extend Chapter 7 Proceedings to Lush)

48. Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

49. Aysha Khan is the managing member, officer, and director of Lush.

---

[2] NZone was a specialty pharmacy owned by Aysha Khan and is not a named defendant in this adversary proceeding at this time.

{F0218140 - 1}

50. At all relevant times, Aysha Khan and/or the Debtors had custody, control and authority over the Lush Account, as well as Lush's books, records, and finances.

51. To the extent Lush operates, its primary business address is the Debtors' principal residence. To the extent Lush operates, it uses the Debtors' home office and equipment.

52. The Debtors use the Lush Account as their personal bank account, without regard to maintaining corporate formalities.

53. The Debtors use the Lush Account as an alternative account for their other business enterprises, including Prestige and Deltona, without regard to maintaining corporate formalities.

54. The Debtors do not distinguish their personal financial transactions or those of the other Business Entities from those of Lush, to the extent Lush has any of its own financial transactions.

55. The assets and liabilities of Lush should be substantively consolidated with those of the Debtors.

56. Lush is eligible to be a debtor under chapter 7 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment on Count One of the Complaint (i) extending the Debtors' chapter 7 proceeding to Lush, (ii) substantively consolidating Lush's assets and liabilities with those of the Debtors, and (iii) for such other relief as is just and proper.

## COUNT TWO
### (To Extend Chapter 7 Proceedings to Prestige)

57. Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

58. Aysha Khan is the managing member, officer, and director of Prestige.

59. At all relevant times, Aysha Khan had custody, control and authority over Prestige's operations, bank accounts, books, records, and finances.

{F0218140 - 1}

60. Prestige's principal place of business is the Debtors' principal residence. Upon information and belief, Prestige utilizes the Debtors' home computers, equipment, and utilities.

61. The Debtors use Prestige's income and accounts receivable as their personal income, without regard to the duties owed to Prestige's creditors.

62. The Debtors use Prestige's business bank accounts as their personal bank accounts.

63. Prestige's creditors are also creditors of the Debtors.

64. The assets and liabilities of Prestige should be substantively consolidated with those of the Debtors.

65. Prestige is eligible to be a debtor under chapter 7 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment on Count Two of the Complaint (i) extending the Debtors' chapter 7 proceeding to Prestige, (ii) substantively consolidating Prestige's assets and liabilities with those of the Debtors, and (iii) for such other relief as is just and proper.

### COUNT THREE
### (To Extend Chapter 7 Proceedings to the Khan Pharmacies)

66. Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

67. The Debtors are the managing members, officers, directors or shareholders of the Khan Pharmacies.

68. At all relevant times, the Debtors had custody, control and authority over all operations, bank accounts, books, records, and finances of the Khan Pharmacies.

69. The Debtors used the income and assets of the Khan Pharmacies as their personal income, and to pay their personal expenses, on an as needed basis without maintaining corporate formalities or separate books and records, and without regard to the duties owed to creditors of the Khan Pharmacies.

70. The Debtors used the Khan Pharmacies' business bank accounts as their personal bank accounts.

71. The Khan Pharmacies' creditors are also creditors of the Debtors.

72. The assets and liabilities of the Khan Pharmacies should be substantively consolidated with those of the Debtors.

73. The Khan Pharmacies are eligible to be debtors under chapter 7 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff demands judgment on Count Three of the Complaint (i) extending the Debtors' chapter 7 proceeding to the Khan Pharmacies, (ii) substantively consolidating the Khan Pharmacies' assets and liabilities with those of the Debtors, and (iii) for such other relief as is just and proper.

## COUNT FOUR
### (Determination of Alter Ego)

74. Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

75. The Business Entities have substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership, and are all managed and controlled by the Debtors.

76. The Debtors operated the Business Entities as if they were a single economic enterprise.

77. The Business Entities are alter egos of the Debtors.

**WHEREFORE**, Plaintiff demands judgment on Count Four of the Complaint determining that the Business Entities are alter egos of the Debtors and for such other relief as is just and proper.

{F0218140 - 1}

## COUNT FIVE
### (Turnover and Accounting of Property of the Estate)

78. Plaintiff repeats each and every allegation contained in the preceding paragraphs of this complaint as if set forth at length herein.

79. To the extent this chapter 7 proceeding is extended to the Business Entities the assets of the Business Entities, including all cash in any bank accounts wherever maintained, as well as their corporate books and records, are property of the estate under 11 U.S.C. §541(a).

80. The Defendants are in possession, custody and control of all assets, books and records of the Business Entities.

81. The assets of the Business Entities constitute property that the Trustee may use, sell or lease under 11 U.S.C. §363.

82. The assets of the Business Entities are not of inconsequential value or benefit to the estate.

83. The Defendants are required to account for and turn over the assets, books and records of the Business Entities to the Trustee pursuant to 11 U.S.C. §542(a).

**WHEREFORE,** Plaintiff demands judgment on Count Five of the Complaint for an accounting and turnover of all assets, books and records of the Business Entities to the Trustee pursuant to 11 U.S.C. §542(a) and for such other relief as is just and proper.

                                                  FORMAN HOLT
                                                  Attorneys for Plaintiff

Dated:  December 2, 2024              By:    */s/ Kimberly Salomon*
                                                          Kimberly Salomon

## **VERIFICATION**

I hereby verify that the foregoing statements made by me are true to the best of my knowledge, information, and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 2, 2024        By:   */s/ Charles M. Forman*
                                     Charles M. Forman, Trustee

{F0218140 - 1}