UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Rachel Wolf, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Rachel.wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | Chapter 7 |
|---|---|---|
| In re: | : | |
| | : | Case No. 23-21777 (SLM) |
| Ayyaz Ahmed and | : | |
| Aysha Khan, et. al., | : | |
| | : | The Honorable Stacy L. Meisel |
| Debtors. | : | |
| | : | Hearing Date: August 26, 2025 at 10:00 a.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' MOTION TO WITHDRAW CHAPTER 7 CASE**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"),[1] through his undersigned counsel, hereby objects to the *Motion to Withdraw Chapter 7 Case* (the "Application") filed by Ayyaz Ahmed and Aysha Khan, the debtors in the above-captioned case. *See* Docket Entry 206. As chapter 7 does not provide for "voluntary dismissal" and cause to dismiss has not been shown under 11 U.S.C. § 707(a), the U.S. Trustee respectfully requests that the Application be denied so that the chapter 7 trustee can pursue and liquidate assets for the benefit of creditors. In support of this Objection, the U.S. Trustee states as follows:

---

[1] The United States Trustee is an official of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581–589. United States Trustees "serve as bankruptcy watchdogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049. The United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title." 11 U.S.C. § 307.

1

## BACKGROUND

1. On December 21, 2023, Ayyaz Ahmed and Aysha Khan ("Debtors"), filed a joint voluntary petition ("Petition") for relief under chapter 13 of title 11 of the United States Code, along with bankruptcy schedules, a statement of financial affairs, and various other documents. *See* Doc. No. 1. On January 25, 2024, Debtors' case was converted to a chapter 11 case. Doc. Nos. 24, 38.

2. On March 28, 2024, the Debtors' case was converted to a chapter 7 case. Doc. No. 56.

3. Pursuant to 11 U.S.C. § 701(a)(1), the U.S. Trustee appointed Charles Forman, Esq. to serve as chapter 7 trustee in this case (the "Chapter 7 trustee"). Doc. No. 57.

4. The Debtor's *Schedule A/B: Property* ("Schedule A/B") filed in support of their petition discloses ownership of real property valued in the aggregate of $1.88 million and personal property valued in the aggregate amount of $24,568.38. ECF No. 1, Schs. A/B.

5. Schedule A/B also discloses an unidentified bank account containing $2,279.97, a "Stripe" account containing $5,559.59 and an 401(K) account containing $2,728.82, and no other financial assets. *Id*.

6. The Debtors' *Statement of Financial Affairs* ("SOFA") disclose no previously-closed bank accounts. *Id*.

7. The SOFA states that the Debtors had no income during this year or the previous two years from income or business operations. *Id*. Similarly, the Debtors' *Schedule I: Your Income* does not disclose any income other than $15,500 per month from operation of a business. *Id*., page 24 of 47.

8. The SOFA further states that during the two years prepetition the Debtors did not make any gifts of more than $600 or transfer any property to anyone. *Id*., pages 30-31 of 47.

9. The Debtors signed their Schedules and SOFA under penalty of perjury, declaring that the information included therein was true and correct. *Id*., pages 27 & 33 of 47.

10. On December 11, 2024, the trustee conducted an examination of Debtor Aysha Khan pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Khan Rule 2004 Examination"), at which the OUST appeared.

11. At the Khan Rule 2004 Examination, Aysha Khan testified that: she owned unencumbered medical spa equipment valued in excess of $300,000; that her business entities are owed over $1.2 million in Accounts Receivable as of January 2023; she failed to schedule numerous previously undisclosed bank accounts including: a Coinbase account, a Crypto.com account, Broadway Bank accounts, a Square bank account, a Stripe bank account and Robinhood securities account; and failed to schedule an interest in a web application called "Prestige Innovative Health" that had a Bank of America bank account.

12. On March 27, 2025, Debtor Ayyaz Ahmed appeared at a Rule 2004 Examination ("Ahmed 2004 Examination") at which he testified that between January 2021 and September 2021, he transferred $400,000 to relatives in Pakistan. Khan further testified that he initially intended to purchase real estate however later instructed the money was to be used for his mother's living expenses in Pakistan. Of those monies, approximately $90,000 was wired back to Khan in July 2024 and deposited into an undisclosed prepetition PNC bank account. Debtor Ahmed also admitted he had other undisclosed prepetition bank accounts at other banks and other financial instruments.

13. Since the Khan and Ahmed Rule 2004 Examinations, the Debtors failed to: obey a court order, amend their schedules and statement of financial affairs to include the previously undisclosed assets; file a list of creditors for their business entities; disclose personal bank accounts and bank accounts of their business entities; disclose all domestic and international transfers of cash to relatives; and turnover non-exempt property to the Chapter 7 trustee. *See* Doc. No. 189.

14. On March 18, 2025, the U.S. Trustee filed a complaint under 11 U.S.C. § 727 seeking the denial of the Debtors' discharge in an action captioned *Andrew R. Vara v. Aysha Khan and Ayyaz Ahmed, et. al.*, Adv. Pro No. 25-1120(SLM) (the "Complaint").

15. In response to the U.S. Trustee's Complaint, the Debtors filed the Application seeking to withdraw their Chapter 7 case on multiple grounds, including: the UST's pending adversary proceeding and the likelihood of denial of discharge; "changed financial and legal circumstances;" concurrent criminal proceedings; implication of the Debtors' Fifth Amendment rights in the criminal proceedings; feeling "overwhelmed by the bankruptcy process;" and the potential to address debts outside of bankruptcy without any proof the Debtors are able to resolve their debt.

16. On August 8, 2025, the Debtors and the U.S. Trustee signed a stipulation whereby the Debtors consent to waiving their discharge under 11 U.S.C. § 727(a)(10). Doc. No. 212.

## ARGUMENT

17. The Application does not identify any statute or rule that authorizes the requested relief. And there is none, because, unlike a chapter 13 debtor, a chapter 7 debtor has "no absolute right to dismiss [his case]." *Xiu Lan Guo Fan v. Youngman (In re Xiu Lan Guo Fan)*, Civ. No. 12-7585, 2013 WL 776241, at *2 (D.N.J. Feb. 28, 2013); *compare* 11 U.S.C. § 1307(b)

("On request of the debtor at any time . . . the court shall dismiss a case under this chapter") *with* 11 U.S.C. § 707(a) ("The court may dismiss a case under this chapter . . . only for cause").

18.  As a result, chapter 7 debtors seeking to dismiss their case "have the burden of demonstrating sufficient cause" under 11 U.S.C. § 707(a). *In re Xiu Lan Guo Fan*, 2013 WL 776241, at *2.

19.  "Cause" is not defined in section 707(a), which provides a nonexclusive list of three examples of cause. *See* 11 U.S.C. § 707(a); *see also* 11 U.S.C. § 102(3) (as used in Bankruptcy Code provisions, "'includes' and 'including' are not limiting"). In evaluating a chapter 7 debtor's motion to dismiss their case under section 707(a), "[t]he two recurring factors in the court's analysis can be summarized as: (i) good faith of the debtor; and (ii) prejudice to the creditors." *In re Xian Lan Guo Fan*, 2013 WL 776241, at *2 (quoting *In re Jong Hee Kang*, 467 B.R. 327, 335 (Bankr. D.N.J. 2012)).

20.  The good faith analysis "includes sensitivity to indicia that the debtor is attempting to manipulate the process or is requesting termination of the process after having reaped its rewards." *In re Jong Hee Kang*, 467 B.R. at 335.

21.  The prejudice to creditors analysis focuses on the best interest of creditors, and "includes . . . the effect of the loss of a 'motivated fiduciary' (the trustee) on the creditors." *Id.* (quoting *In re Jabarin*, 395 B.R. 330, 340-41 (Bankr. E.D. Pa. 2008)). Dismissal may also prejudice creditors where the debtor "has not presented any credible or viable plan for paying his creditors outside of bankruptcy." *In re Xiu Lan Guo Fan*, 2013 WL 776241, at *2 (quoting *In re Jabarin*, 395 B.R. at 343). Even if such a post-dismissal payment plan is presented, "a request for dismissal may be denied if there is doubt over a debtor's ability to pay his creditors." *Id.*

5

22. Here, the Debtors have not met their burden of proof under section 707(a) because they have not made any showing that (1) the request to dismiss this case was made in good faith and (2) their creditors would not be prejudiced if the case is dismissed.

23. The circumstances surrounding the filing of the Application suggest that the Debtors want to dismiss this case rather than carry out their statutory duty to cooperate with the Chapter 7 trustee's investigation and administration of estate assets. *See* 11 U.S.C. § 521(a)(3). But a motion to dismiss filed to prevent the trustee from investigating undisclosed assets is not filed in good faith. Indeed, "[t]he discovery of assets is not cause to dismiss a bankruptcy case, but rather, if anything, . . . is grounds for retaining jurisdiction, i.e., that creditors who perhaps expected to recover nothing on their claims may be assured of an equitable and full distribution of the debtor's newly discovered assets." *In re Jong Hee Kang*, 467 B.R. at 335 (quoting *In re Jabarin*, 395 B.R. at 342-43) (internal quotation marks omitted) (alterations in original).

24. In addition, the "failure to disclose [] assets and cooperate fully with the trustee is an additional, independent basis for denying" a debtor's motion to dismiss their chapter 7 case. *In re Ritz*, Case No. 23-00060-GS, 2023 WL 8531369, at *1 (Bankr. D. Alaska Oct. 6, 2023); *see also Hickman v. Hana (In re Hickman)*, 384 B.R. 832 (B.A.P. 9th Cir. 2008) (affirming order that denied motion to dismiss filed by debtor who "shirked his duty to disclose all assets and financial affairs" and "shirked his statutory duty to cooperate with the trustee"); *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 367 (B.A.P. 9th Cir. 2004) (affirming order that denied motion to dismiss filed by debtors that provided "no explanation for the numerous discrepancies in their bankruptcy schedules and statement of financial affairs" and "did not make any effort to explain their failure to comply with the trustee's request for additional information about their assets, income, prepetition transfers and alleged gambling losses").

25. The circumstances of this case further suggest that it is in the best interest of creditors for the case to remain in chapter 7 and allow the Chapter 7 trustee and U.S. Trustee to continue to investigate and liquidate the potential undisclosed assets, transfers, and accounts receivable of the Debtors and their business entities.

26. Dismissal would prejudice the Debtors' creditors because they are unlikely to receive any payment if this case is dismissed, even if the Debtors have sufficient income with which to pay them; after all, the Debtors' refusal and/ or inability to pay them to date is the reason this case exists. In addition, the Chapter 7 trustee has already uncovered substantial undisclosed assets, and has endeavored to liquidate them. Thus, keeping the case in chapter 7 is in the best interest of creditors because it gives them the best chance of being paid. *See Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 28 (B.A.P. 6th Cir. 2005) ("Prejudice exists where assets which would be available for distribution are lost as a result of the dismissal.") (quoting *In re Byam*, No. 02-80538, 2002 WL 32123991, at *1 (Bankr. C.D. Ill. Aug. 14, 2002)).

27. This Court should also consider the public interest ramifications of allowing a chapter 7 debtor to dismiss their case despite their concealment of assets and income that could be used to repay creditors. In a case such as this, "there is an important interest related to the integrity of the bankruptcy system." *In re Hickman*, 384 B.R. at 842. "When a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting the commitment to have debtor-creditor relations adjusted in equitable proceedings." *Id*.

28. Congress enacted 11 U.S.C. § 727(a) to address debtors who transfer or conceal assets with the intent to keep a trustee from discovering them, fail to provide documents that would allow a trustee to ascertain the debtor's financial condition, or knowingly and fraudulently

make false oaths. Here, the Debtors have consented to waive their discharge pursuant to 11 U.S.C. § 727(a)(10) to avoid further litigation. *See* Doc. No. 212. The Debtors should not be allowed to evade scrutiny by simply dismissing their case and potentially filing another bankruptcy petition in the future to frustrate their creditors.

29. As the Debtors have failed to carry their burden to prove that the Application was filed in good faith and dismissal of this case will not prejudice creditors, this case cannot be dismissed "for cause" under section 707(a). Notably, the Debtors' multiple bankruptcy filings, the Chapter 7 trustee's discovery of numerous undisclosed assets, the Debtors' failure to amend schedules and statements to comport with previous bankruptcy filings, the Debtors' failure to abide by Court order directing them provide documents to the Chapter 7 trustee and U.S. Trustee, and Debtor Khan's admitted manipulation of bank statements and checks presented to the Chapter 7 trustee reveal that the Application is not made in good faith.

30. To the extent the Debtors might attempt to predicate the Application on 11 U.S.C. § 305(a), the Application should still be denied. Section 305(a)(1) allows the court to dismiss a case, or suspend all proceedings in a case, when "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). But section 305(a) is an "extraordinary remedy" that should not be used in place of section 707(a), which Congress designed specifically to address dismissal of chapter 7 cases. *See In re Dzierzawski*, 528 B.R. 397, 405 (Bankr. E.D. Mich. 2015) (denying debtor's motion to dismiss under sections 305(a) and 707(a)). In any event, just like section 707(a), section 305(a)(1) would require this Court to consider the interests of not only the Debtor, but also his creditors—and, as previously discussed, dismissal is not in the best interest of creditors if the debtor lacks sufficient income to pay them

8

outside of bankruptcy and a trustee can pursue and liquidate undisclosed assets if the case remains in bankruptcy. *Id.* at 417-18.

31. Similarly, any attempt to predicate the Application on Federal Rule of Civil Procedure 41(a)(1) must fail. Civil Rule 41(a)(1)—which is made applicable to contested matters in bankruptcy cases by Federal Rules of Bankruptcy Procedure 7041 and 9014(c)—allows a plaintiff to voluntarily dismiss a civil action under certain circumstances. But Civil Rule 41(a)(1), by its terms, is "[s]ubject to . . . any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). As a result, Civil Rule 41(a) "does not apply where a federal statute governs dismissal of the matter in question." *See In re Bartee*, 317 B.R. at 367 (citing 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 2D § 2363 (1995)). As previously discussed, section 707(a) governs dismissal of a chapter 7 case.

32. As there is no legal basis or factual reason to dismiss the Debtors' case, the Application should be denied.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an order denying the Application and granting such other and further relief as the Court deems just and equitable.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 & 9

By: */s/ Rachel Wolf*
    Rachel Wolf
    Trial Attorney

Dated: August 14, 2025